J-A18044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER WILLIAMS, | |
| Appellant | No. 212 MDA 2016 |

Appeal from the PCRA Order January 12, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002813-2009

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JULY 25, 2016**

Appellant Alexander Williams appeals *pro se* from the Order entered in the Court of Common Pleas of Berks County on January 12, 2016, denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Upon our review of the record, we affirm.

On September 30, 2010, Appellant entered an open guilty plea to four counts of delivery of a controlled substance (cocaine) and one count each of possession with intent to deliver, possession of a firearm, unlawful body armor and receiving stolen properly.[2]  Appellant was sentenced to an

---

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 35 P.S. 780-113(a)(30); 35 P.S. 780-113(a)(30); 18 Pa.C.S.A. § 6105(a)(1); 18 Pa.C.S.A. § 907(c); 18 Pa.C.S.A. § 3925(a), respectively. Appellant's drug transactions took place within 1,000 feet of Southern Middle School in Reading.

*Former Justice specially assigned to the Superior Court.

aggregate term of ten years to twenty years in prison with 333 days' credit for time served on September 30, 2010.[3]  While no post-sentence motions or a direct appeal was filed, on March 9, 2011, Appellant filed a counseled PCRA petition in which he successfully alleged the ineffectiveness of plea and sentencing counsel for failing to file post-sentence motions and a direct appeal on his behalf. Thereafter, on May 9, 2011, the trial court reinstated Appellant's post-sentence motion rights *nunc pro tunc*.

Appellant filed his *nunc pro tunc* Post-Sentence Motion to Modify and Reduce Sentence and after a hearing on July 1, 2011, the trial court denied the same.  Appellant filed a direct appeal on July 7, 2011, wherein he challenged the discretionary aspects of his sentence.  This Court denied his appeal in an unpublished memorandum decision filed on March 20, 2012.

Appellant filed a *pro se* PCRA petition on August 3, 2015.  Counsel was appointed and filed a ***Turner/Finley***[4] "no-merit" letter, and a petition to withdraw as counsel on November 24, 2015.  After conducting an

_____

[3] A five year mandatory sentence applied to Count Two due to the weight of the drugs and Appellant's prior drug conviction.  A five year gun and drug mandatory sentence applied to Count Three, and a five year weight mandatory applied to Counts Four and Five.  A five year gun and drug mandatory applied to Count Seven.  **See** Trial Court Opinion, filed 9/8/11, at 1; Sentencing Order, filed 9/30/10. The Commonwealth dismissed sixteen counts that had been filed against Appellant.  Also, in light of his cooperation in an unrelated murder case, it was agreed that Appellant would not be prosecuted federally.
[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

independent review of the record and filing a notice of intention to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on December 11, 2015, the PCRA court granted counsel's petition to withdraw and dismissed the PCRA petition on January 12, 2016.[5]   Appellant filed a timely, *pro se*, appeal from that decision on February 1, 2016, and the PCRA court directed him to file a concise statement of errors on appeal pursuant to Pa.R.A.P. 1925(b).   Appellant complied and now presents the following questions for our review:

> 1.)   Did the PCRA [c]ourt err in dismissing Appellant's PCRA petition by failing to apply Alleyne v. United States, 133 S.Ct. 2151 (2013), AND Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015), retroactively?
>
> 2.)   Did the PCRA Court err in dismissing Appellant's PCRA petition as untimely where petition was filed within sixty days of the decision in Commonwealth v. Hopkins, which applied the new rule announced in Alleyne v. United States[?]

Brief for Appellant at 4.

Initially, we must determine whether Appellant's PCRA petition was timely filed.   **See Commonwealth v. Hutchins**, 760 A.2d 50 (Pa. Super. 2000).   "Our standard of review of the denial of PCRA relief is clear; we are

---

[5] Appellant does not challenge the PCRA court's order allowing counsel to withdraw, nor does he raise any issue with his proceeding *pro se* on appeal. We shall not raise *sua sponte* the propriety of the trial court's order granting counsel's motion to withdraw. **See Commonwealth v. Pitts**, 603 Pa. 1, 981 A .2d 875 (2009).

- 3 -

limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citations omitted).

Instantly, Appellant was sentenced on September 30, 2010, and this Court affirmed his judgment of sentence on March 20, 2012. Appellant did not file a petition for allowance of appeal with the Supreme Court. Therefore, Appellant's judgment of sentence became final thirty days thereafter on April 20, 2012. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). In Appellant's case, a timely first petition for post-conviction relief would have had to have been filed by April 20, 2013. Appellant filed the instant PCRA petition on August 3, 2015; therefore, it is patently untimely. As such, the PCRA court could not address the merits of Appellant's petition unless a timeliness exception applies.

Appellant makes no explicit attempt to avail himself of a particular timeliness exception in his first argument but rather argues his petition is

not time-barred because he is entitled to retroactive relief under *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). Appellant posits that in light of *Alleyne* "the mandatory minimum statutes" under which he had been sentenced are unconstitutional and the Commonwealth is devoid of any authority to continue to enforce his aggregate sentence, as it violates a "substantive rule." Appellant urges that this Court is "constitutionally required to retroactively apply the new rule announced in Alleyne [sic]." Brief for Appellant at 9-11.

In his second issue, Appellant further maintains that as he filed his PCRA petition within sixty days of the decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), it should be deemed to be timely filed.[6] *Id.* at 11. Appellant does not specifically indicate how *Hopkins* is determinative herein but rather maintains, *inter alia*, that the exception to the PCRA time-bar set forth in 42 Pa.C.S.A. 9545(b)(1)(iii) applies, in that "[t]he new rule announced in Alleyne is both a substantive rule, as well as a watershed procedural rule," and that the "'60 day time limitation' is

_____

[6] In *Hopkins*, our Supreme Court held that 18 Pa.C.S.A. § 6317 which imposed a mandatory minimum sentence for a drug sale or PWID within 1,000 feet of a school was unconstitutional.

- 6 -

unconstitutional, or in the very least, inapplicable in the instant matter.'" Brief for Appellant at 11-12.

As long as this Court has jurisdiction over a matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa.Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that "[a]lthough a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). As such, an appellant must present an illegal sentencing claim in a timely PCRA petition over which this Court has jurisdiction. *See Fahy, supra,* at 223, and *Commonwealth v. Miller,* 102 A.3d 988, 994 (Pa.Super. 2014) (observing *Alleyne* does not invalidate a mandatory minimum sentence challenged in an untimely PCRA petition).

The United States Supreme Court decided *Alleyne* on June 17, 2013; thus, in order to invoke the "constitutional right" exception under 42 Pa.C.S.A. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within sixty days of June 17, 2013. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa.Super. 2007) (providing that the sixty day time period begins to run upon the date of the underlying judicial decision). Appellant filed the instant PCRA petition on August 3, 2015, well beyond the sixty day deadline of August 17, 2013. After concluding that Appellant's PCRA petition

was untimely and that no exception to the PCRA's time bar applied, the PCRA court properly dismissed Appellant's petition as untimely on January 12, 2016.

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final, and this Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. **Commonwealth v. Phillips**, 31 A.3d 317, 320 (Pa.Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012). Moreover, while this Court recently held in **Commonwealth v. Ciccone**, ___ A.3d ____, 2016 PA Super 149, *20-21 (*en banc*) (filed July 12, 2016) that an appellant is entitled to relief when he challenges the legality of his sentence pursuant to **Alleyne** in a *timely* PCRA petition, that holding is not dispositive herein, for Appellant's PCRA was untimely filed. In this regard, as previously noted, in **Miller**, **supra**, this Court observed that **Alleyne** does not invalidate a mandatory minimum sentence when a challenge thereto is presented in an untimely PCRA petition. **See also Fahy**, **supra**.

Appellant next avers that as he filed his PCRA petition within sixty days of our Supreme Court's decision in **Hopkins, supra**, which in turn

applied **Alleyne**, the PCRA court erred in dismissing his petition as untimely. Appellant is correct that he filed his PCRA petition within sixty days of June 15, 2015, the date upon which our Supreme Court held that under **Alleyne** the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") is unconstitutional in its entirety, as certain provisions of the statute do not adhere to **Alleyne's** rule and are not severable from the remaining portions of the statute.  **Hopkins**, 117 A.3d at 262.  However, contrary to Appellant's claim, the **Hopkins** decision did not announce a "new rule," but rather simply assessed the validity of Section 6317 under **Alleyne** and concluded that particular mandatory minimum sentencing statute is unconstitutional. Nevertheless, even if **Hopkins** had announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that **Hopkins** applies retroactively to post conviction petitioners such as Appellant. Consequently, to the extent Appellant attempts to rely on **Hopkins**, he has not satisfied the timeliness exception of Section 9545(b)(1)(iii).

Accordingly, for the aforementioned reasons, we conclude that Appellant has not proven the applicability of any exception to the PCRA's timeliness requirements. Thus, the PCRA court clacked jurisdiction to consider the merits of his claims and did not err when it denied his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/25/2016</u>